UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| DALE LACOMPTE,<br><br>Plaintiff,<br><br>vs.<br><br>CHICAGO CAPITAL HOLDINGS, INC.;<br>DAVID D. ONION; AND AG FINANCIAL<br>PARTNERS LLC;<br><br>Defendants. | 1:21-CV-1011-CBK<br><br><br><br><br>**MEMORANDUM AND ORDER** |

## I.   BACKGROUND

On March 31, 2021, plaintiff Dale LaCompte filed suit against Chicago Capital Holdings, Inc., Mr. David D. Onion, and AG Financial Partners LLC, alleging violations of the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.*, and the Civil Rights Act, 42 U.S.C. § 1981, *et seq.* Doc 1. Plaintiff is a resident of Timber Lake, South Dakota, located in the Central Division of the District of South Dakota. Plaintiff's farm, which he holds in fee simple, is located on the Standing Rock Indian Reservation and within Corson County, located in the Northern Division of the District of South Dakota. None of the defendants reside in South Dakota.

Defendants filed a motion to dismiss under Rule 12(b)(3) for improper venue, and in the alternative, to transfer venue from the Northern Division of the District of South Dakota to the District's Central Division, on May 19, 2021. Doc. 14. Such a transfer of divisions would move this case from the Northern Division's federal courthouse in Aberdeen to the Central Division's federal building in Pierre. Plaintiff filed his response to defendants' motion on June 3, 2021, Doc. 18, and defendants filed their reply on June 17, 2021. Doc. 20.

## II.     DISCUSSION
### A. Whether Venue is Proper in Northern Division

First, defendants move for this complaint to be dismissed because venue is not proper within the Northern Division. In their briefing, defendants misconstrue the critical differences between *districts* and *divisions*. Defendants cite to 28 U.S.C. § 1391 for determining whether venue is proper in a given *district*, with repeated citations to statute and case law concerning whether a proper *district*, *not division*, has the ability to hear a case. See DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS UNDER RULE 12(B)(3), OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE, doc. 16 at 3–5. Tellingly, in their reply brief, defendants concede venue is proper within the District of South Dakota. See DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE, doc. 20 at 1 ("[W]hile conceding that venue is proper in the District Court of South Dakota . . ."). 28 U.S.C. § 1391(b) is littered with references to analyzing proper venue in relation to the proper judicial *district*, with no mention to intra-district divisions. See 28 U.S.C. § 1391(b). See also Harrington v. Wilber, 384 F.Supp.2d 1321, 1326 (S.D. Iowa 2005) ("As noted by other courts, the venue statute does not speak in terms of *divisions*, but rather requires that venue be laid in the proper *district*.") (emphasis in original).

Because defendants concede that the District of South Dakota *is* the proper *district* to hear this case, the Court proceeds to determining whether the Northern Division is the proper division to litigate this matter, or whether it should be transferred to the Central Division.

### B. Transferring Venue Between Divisions

When parties do not mutually consent to transferring venue among divisions inside a judicial district, 28 U.S.C § 1404(a), *not* § 1404(b), applies. See Colombe v. United States, (S.D.D. 2017), doc. 19-1 at 2. (analyzing difference between subsections, noting that §1404(b) requires "consent or stipulation of *all* parties) (emphasis added) (*quoting* 28 U.S.C. § 1404(a)). See also In re Intel Corp., 841 Fed.Appx. 192, 193 (Fed. Cir. 2020) (unpublished) (noting that § 1404(b) "'by its terms, applies only when all of

the parties consent.'") (*quoting* In re Gibson, 423 Fed.Appx. 385, 389 (5th Cir. 2011) (unpublished)). "In general, section 1404(a) transfer motions 'should not be freely granted.'" Schmaltz v. W. Horizon Living Ctrs., 2010 WL 4628683 at *5 (S.D.D.) (unpublished) (*quoting* In re Nine Mile Ltd., 692 F.3d 56, 61 (8th Cir. 1982)). The Court turns its attention to the proper analysis under 28 U.S.C. § 1404(a) for resolving defendants' contested motion to transfer division.

Then-Chief Judge Viken thoughtfully analyzed the requisite analysis for transferring a case between divisions of the District of South Dakota in Colombe v. United States. See doc. 19-1. Beginning with the general proposition that "'federal courts give considerable deference to a plaintiff's choice of forum,'" the Colombe Court noted that "the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." Id. at 9–10 (*quoting* Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 695 (8th Cir. 1997)). See also Dakota Hotel Ventures, LLC v. David Baumann-Architect, Ltd., 2016 WL 845316 at *1 (S.D.D.) (unpublished) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.") (alteration in original) (internal quotations omitted).

The statute states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . ." 28 U.S.C. § 1404(a). The United States Court of Appeals for the Eighth Circuit has provided clarity on what factors should be considered when assessing the appropriateness of transferring venue under § 1404(a). In Terra International, Inc. v. Mississippi Chemical Corp., the Court of Appeals approvingly cited to the district court's analysis below about dividing § 1404(a)'s analysis into "balance of convenience" and "interest of justice," each with (overlapping) elements to consider. Terra Int'l, Inc., 119 F.3d at 696.

Under "interests of justice," the Terra Court – and subsequent courts such as this Court in Colombe – examined seven factors: "'(1) judicial economy, (2) the plaintiff's choice of form, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law

3

issues, and (7) the advantages of having a local court determine questions of law.'" Colombe, doc. 19-1 at 6 (*quoting* id.).

For "balance of convenience," courts consider "'(1) the convenience of the parties, (2) the convenience of the witnesses – including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law.'" Id. (*quoting* Terra Int'l, Inc., 119 F.3d at 696). The convenience of witnesses, particularly those not party to this suit, are "often considered the most important factor in the transfer analysis." Id. (*quoting* Austin v. Nestle USA, Inc., 677 F.Supp.2d 1134, 1138 (D. Minn. 2009) (*referencing* 15 Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction § 3849 at 199 (3d ed. 2007)).

1. *Interests of Justice*

The Court begins with its analysis of the relevant factors under the "interests of justice" prong. Because defendants do not raise arguments concerning judicial economy, each party's ability to enforce a judgement, obstacles to a fair trial, conflict of law issues, or advantages of having a local court determine questions of local law, the Court assumes these are irrelevant and are not further discussed.

First, while plaintiff contends that defendants do not dispute his choice of forum, he is mistaken. See DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE, doc. 20 at 5–6. Defendants contend the Court should not award considerable deference to plaintiff's choice of forum because he is not a resident of the Northern Division. Citing to out-of-Circuit authority, defendants point the Court to other opinions offering less deference to plaintiff's choice of forum when it is not where they reside. See id. However, this instance is distinguishable because while plaintiff himself may not reside in the Northern Division, the land itself – which without, there would be no complaint at all – *is* within the Division. The Court does not find the choice of forum element leans in favor of

defendants, because the very land at the crux of this dispute – which plaintiff presumably enters frequently to maintain – is within this Division.

Next, the Court turns to the comparative costs for the parties to litigate this matter in the Northern Division opposed to the Central Division. Because the appropriate analysis for comparative costs of litigation is analogous to the convenience factors discussed below, *infra*, the Court does not reexamine this factor here.

With the only relevant factor[1] under "interests of justice" being the plaintiff's choice of forum – which is owed great deference – falling squarely within preserving this litigation within the Northern Division, the Court proceeds to the "balance of convenience" factors.

### 2. *Balance of Convenience*

The Court next examines the five factors to determine whether the balance of convenience demands transferring this case from the Northern to the Central Division.

First, defendants argue that litigating this matter is far more inconvenient in Aberdeen than Pierre. Defendants' attorney Gretchen McGill, who is admitted to practice before this Court *pro hac vice*, has her practice based in Omaha, Nebraska. See DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE, doc. 20 at 8. It is roughly seven minutes quicker for Ms. McGill to drive from her Omaha office to Aberdeen's federal courthouse than for her to commute to Pierre's for proceedings. And as this Court has previously noted in correcting assertions made by Ms. McGill in her first affidavit, see MEMORANDUM, doc. 17, Aberdeen hosts better air service than Pierre. However, it is undoubtedly true that it is more convenient for defendants' in-state counsel to travel to the Central Division courthouse than the Northern Division's, with their office based mere minutes from the Pierre Federal Building. However, the Central Division's federal courthouse is approximately five minutes further for plaintiff's Sioux Falls-based counsel than for them to journey to the Northern Division. While this factor may tilt in favor of

---

[1] While the comparative costs of litigation is relevant in this case, its analysis is more proper under the "balance of convenience" prong to discern the appropriateness of transferring divisions. See *infra* II.B.2.

5

defendants, this alone does not justify disturbing plaintiff's choice on where to file his lawsuit when the division was in fact proper. Further, defendants cannot disrupt the preference courts offer plaintiffs to select the appropriate venue because of where they chose to retain local counsel.

Next, defendants argue it is a greater inconvenience for their witnesses to testify in Aberdeen than Pierre. As the Court has already noted, the convenience for non-party witnesses is one of the most important factors in a transfer analysis. Colombe v. United States, (S.D.D. 2017), doc. 19-1 at 11. Defendants point to one of their "key witnesses" being attorney Marty Jackley, whose office is located two minutes from the Central Division's courthouse. See DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE, doc. 20 at 3–4. Defendants also inform the Court they may call witnesses from the Rosebud Sioux Tribe, yet fail to offer the names of any specific individuals they may seek to testify or why they would be called in this matter.

While defendants rightly point out that plaintiff himself – who will likely be a witness to this case – resides in the Central Division, the Court reiterates that his farm is located within the Northern Division, signaling his many trips to the Northern Division to maintain his livelihood. Further, plaintiff's former attorney, Mr. Rick Cain, resides within the Northern Division. Plaintiff also brings the Court's attention to two other out-of-state witnesses: Mr. Richard Evanson and Ms. Ashley Arrington, agriculture finance consultants that assisted plaintiff LaCompte with the loan process. See PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE, doc. 18 at 7. Mr. Evanson resides in Fargo, North Dakota, far closer to Aberdeen than Pierre. Additionally, Ms. Arrington is based in Georgia – which houses a Delta Airlines hub in Atlanta –, readily accessible via air travel to Aberdeen. Because of plaintiff's, Mr. Cain's, Mr. Evanson's, and Ms. Arrington's ease of travel to the Northern Division, the convenience of witnesses leans in favor of preserving this case within this division, despite the longer travel required for Mr. Jackley.

6

The third prong of the balance of convenience analysis pertains to the accessibility to records and documents. Defendants argue that relevant documents pertaining to plaintiff's communications with defendants and his tribe would be located in his Central Division residence, but fail to offer any specific references to documents that would not already be available electronically, such as e-mail correspondence or online paperwork filed by plaintiff. Further, defendants note that they are all located out-of-state and that any records could easily be sent to their local counsel's office in the Central Division. See DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE, doc. 20 at 6. The Court, however, has full faith that local counsel can readily receive all documents to their Central Division office and bring with them whatever may be necessary to any future hearings in the Northern Division. This prong does not lean in favor of either party and is largely inapplicable to the case at hand.

The Court proceeds to the fourth prong: the location where the conduct complained of occurred. In Colombe, then-Chief Judge Viken noted that "this issue is less critical when the requested transfer is between adjacent divisions within one district." Colombe v. United States, (S.D.D. 2017), doc. 19-1 at 10. Like in Colombe, "this factor is not significant." Id. at 11. The Northern and Central Divisions neighbor each other, and some events did take place within the Northern Division, namely defendant Onion's visit to the farm and the actions taken by Mr. Cain to assist plaintiff LaCompte in the loan dispute. While other events transpired in the Central Division, such as the presumed filling out of the loan application by plaintiff, the Court finds this prong does not tip the balance towards either party, and again emphasizes this portion of the analysis is awarded less weight for intra-district motions to transfer, opposed to motions across districts.

Finally, the fifth prong – the applicability of each forum state's substantive law – is not relevant as this motion is to transfer *within* the District.

Defendants' local counsel may be inconvenienced by driving to the Northern Division if this matter proceeds to trial rather than having this Court transfer venue to the Central Division, but that is not enough of a justification to warrant transfer under the

7

balance of convenience analysis required of this Court. Federal courts will not transfer venue and disrupt the deference owed to plaintiffs in forum selection for slight inconveniences to defendants, and the Court does not find appropriate grounds to warrant disrupting this case away from the Northern Division, particularly considering the ease for out-of-state counsel and witnesses – excluding Mr. Jackley – can travel to Aberdeen compared to Pierre.

### III. CONCLUSION

Recognizing the "considerable deference" federal courts provide plaintiffs' choice of forum, defendants have failed to meet their high burden for this matter. Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 695 (8th Cir. 1997).

IT IS HEREBY ORDERED that defendants' motion to dismiss under Rule 12(b)(3), doc. 16, is denied.

IT IS FURTHER ORDERED that defendants' motion to transfer venue to the Central Division of the District of South Dakota, doc. 16, is denied.

DATED this 17th day of September, 2021.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge